IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOZY J. MERIT,**<br>    **Plaintiff** | : <br> : <br> : <br> : | |
| v. | : <br> : | **CIVIL ACTION**<br>**NO.   02-8629** |
| **SOUTHEASTERN PENNSYLVANIA**<br>**TRANSIT AUTHORITY,**<br>    **Defendant** | : <br> : <br> : <br> : <br> : | |

**MEMORANDUM OPINION**

**RUFE, J.**                                                                                                   **August 6, 2003**

       This employment discrimination case comes before the Court on Defendant's Motion to Dismiss. For the reasons set out below, Defendant's Motion is granted in part and denied in part.

**I.      BACKGROUND**

       Before turning to the factual circumstances of this case, some discussion of the procedural history is warranted. Plaintiff is Jozy J. Merit, a former employee of Defendant Southeastern Pennsylvania Transit Authority ("SEPTA"). Plaintiff filed her pro se complaint on November 25, 2002. Defendant filed a Motion to Dismiss on March 21, 2003, to which Plaintiff failed to file a timely response. The Court entered an Order on April 17, 2003 for Plaintiff to show cause, within seven days, why Defendant's Motion should not be granted as uncontested pursuant to Local Rule 7.1(c). Plaintiff filed her Response to the Court's Order within the time permitted.

       In Plaintiff's Response, she stated that she was unable to represent herself adequately due to medical issues, and thus requested assistance from a court-appointed attorney. Therefore, the Court referred this case to the Clerk of Court, who in turn referred the case to attorney volunteer

members of the Civil Rights Employment Panel. The Clerk of Court circulated the case file among several members of the Employment Panel, but notified the Court on July 23, 2003, that efforts to obtain an attorney to represent Plaintiff were unsuccessful.

Therefore, having failed to obtain counsel for Plaintiff, the Court must now turn to its own analysis of the merits of the pending motion. In doing so, the Court will view Plaintiff's Response to the Court's April 17, 2003 Order to Show Cause as a Response to Defendant's Motion.

The following facts are taken from Plaintiff's complaint. Plaintiff was hired by SEPTA on November 25, 1991. Although she was subsequently "laid off" for an unspecified period of time, she worked continuously for SEPTA until November 27, 2000. Some time in 1994, Plaintiff suffered a work-related injury to her back and neck, for which she sought and received worker's compensation. She ceased working for Plaintiff as a result of these injuries, but returned to work for SEPTA as a ticket booth cashier in October 1999. Plaintiff also suffers from asthma and migraine headaches.

Plaintiff's position as a cashier required her to work in an enclosed booth with limited ventilation, and she shared this space with several other employees. She contends that SEPTA permitted some employees to smoke while working in the booth, which exasperated Plaintiff's asthma and migraines. Plaintiff requested an accommodation, but SEPTA refused, telling her that if she opened the door to the booth or stepped outside of the booth she would be fired. Plaintiff contends that exposure to smoke in the workplace aggravated her migraines and caused her to develop acute asthma requiring medical treatment.

On June 21, 2000, SEPTA transferred Plaintiff to a new location, the Comley District Maintenance Shop ("Comley"), and to a new position as a Vehicle Readiness Coordinator. In

October 2000, Plaintiff applied for a position as a SEPTA "foreman." (Although no date is specified, apparently this application was rejected.) On November 6, 2000, she complained to SEPTA that she was again being exposed to smoke at her work station at Comley. Having received no response, Plaintiff complained again on November 18, 2000.

The next day, November 19, 2000, SEPTA transferred Plaintiff to another new work location, which required Plaintiff to spend "significantly more time" traveling to and from work. Plaintiff viewed this as retaliatory action by SEPTA. About one week later, on November 27, 2000, SEPTA terminated Plaintiff's employment. Plaintiff claims that by refusing to accommodate her "lawful right" to "a smoke free workplace," transferring her, rejecting her application for a promotion, and ultimately discharging her, SEPTA discriminated against her because of her disabilities.

Plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") and the U.S. Equal Opportunity Commission ("EEOC") on November 16, 2001. Plaintiff received an EEOC right to sue letter on October 1, 2002, and this action followed on November 25, 2002. Plaintiff alleges violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 et seq. (Count 1), the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951 et seq. (Count 2), and Wrongful Discharge in violation of Pennsylvania public policy (Count 3). Jurisdiction is premised on a federal question and the Court's pendent jurisdiction. See 28 U.S.C.A. §§ 1331, 1367. Defendant moves to dismiss Plaintiff's complaint for failure to state a claim.

II. **STANDARD OF REVIEW**

In ruling on a motion to dismiss for failure to state a claim upon which relief may be

granted, the Court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom, and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A pro se complaint must be liberally construed and held to a less stringent standard than formal pleadings drafted by an attorney. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Smith v. Mensinger, 293 F.3d 641, 647 (3d Cir. 2002).

### III.  DISCUSSION

Defendant first argues that Plaintiff's ADA and PHRA claims must be dismissed as untimely. In a deferral state such as Pennsylvania, the ADA requires that plaintiffs file charges with the EEOC within 300 days of the alleged discrimination before bringing suit. See 42 U.S.C.A. § 2000e-5(d), (e)(1) (West 2003); Seredinski v. Clifton Precision Prods. Co., 776 F.2d 56, 61 (3d Cir. 1985) (explaining filing deadlines in deferral states such as Pennsylvania). The timely exhaustion of this procedure is a "precondition to the maintenance of a civil suit under the ADA." Wassem v. Romac Int'l, Inc., No. Civ.A.97-7825, 1998 WL 834094, at *4 (E.D. Pa. Dec. 1, 1998) (citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976)). While exhaustion does not present a jurisdictional issue, a defendant can raise it on a 12(b)(6) motion. See Zipes v. Trans World Airways, Inc., 455 U.S. 385, 393 (1982); Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997).

Here, Plaintiff filed with the EEOC on October 16, 2001, which is 323 days after her termination on November 27, 2000. The Supreme Court has said that timely filing of a charge of

discrimination is subject to equitable tolling. Zipes, 455 U.S. at 393. The Court is of the opinion that there are considerations in this case that justify an equitable tolling. These include Plaintiff's pro se status, as well her representations that certain medical issues have impacted her ability to represent herself.[1]

The Third Circuit has said that equitable tolling is particularly appropriate in cases involving "lay persons unfamiliar with the complexities of the administrative procedures." Kocian Getty Ref. & Mktg Co., 707 F.2d 748, 754 (3d Cir.) (quoting Hart v. J.T. Baker Chem. Co., 598 F.2d 748, 754 (3d Cir. 1983)), cert. denied, 464 U.S. 852 (1983); see also Bronze Shields, Inc. v. New Jersey Dep't of Civil Serv., 667 F.2d 1074, 1085 (3d Cir. 1981); Ricciardi v. Consol. Rail Corp., No. Civ.A.98-3420, 1999 WL 77253, at *4 (E.D. Pa. Feb. 8, 1999); Wassem, 1998 WL 834094, at *4. In light of these considerations, and because Plaintiff was only twenty-three days late in filing her EEOC charge of discrimination, the Court will not dismiss any portion of Plaintiff's complaint on the basis of untimeliness. See id. (refusing to dismiss complaint where plaintiff was pro se and filed with EEOC only one day after deadline).

Defendant next contends that Plaintiff's ADA and PHRA claims should be dismissed

---

[1] Plaintiff also avers in her Response to Defendant's Motion that she delayed filing with the EEOC because she was engaged in trying to resolve this dispute with SEPTA's agents "administratively," and that SEPTA encouraged her to do so. Response at 3-4. The Third Circuit has noted that "where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate" her rights, equitable tolling may be appropriate. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994) (internal quotes and citations omitted). Because there is no evidentiary basis for Plaintiff's allegation in her Response, the Court takes no position on whether SEPTA improperly induced Plaintiff to delay filing with the EEOC. This is a legal question not properly before the Court on Defendant's Motion to Dismiss.

The matter of Plaintiff's ability to represent herself differs qualitatively because it does not require the Court to make any legal determination. Although there is also no firm documentary evidence that Plaintiff's medical issues limit her ability to represent herself, the Court will nonetheless credit her statement to that effect. The rambling and somewhat confused nature of Plaintiff's Response suggest as much. Moreover, the Court is conscious of its duties to be solicitous toward pro se litigants, and to effectively manage litigation before it.

because she cannot establish that she is disabled.[2]  The ADA prohibits employment discrimination against a "qualified individual with a disability because of the disability." 42 U.S.C.A. § 12212(a). The ADA states that "qualified individual with a disability means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. § 12111(8).  A "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." Id. § 12102(2).

The ADA does not define "major life activities," but EEOC regulations explain that it includes "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).  The Supreme Court has declined to rule on the degree to which courts must defer to these regulations, but the Supreme Court and the Third Circuit Court of Appeals often look to these regulations when interpreting the ADA. See Tice v. Centre Area Trans. Auth., 247 F.3d 506, 512 n.3 (3d Cir. 2001).

Under the Court's liberal reading of the pro se complaint, Plaintiff avers that she meets all three definitions of "disability" found in § 12102(2).  Defendant contends that Plaintiff fails to meet the first definition because she fails to allege that she is substantially limited in the major life activity of working.  More specifically, Defendant alleges that Plaintiff's complaint is deficient because it does not allege that she is unable to work "in a broad class of jobs."  If the Court read Plaintiff's complaint to allege only that her impairments substantially limited Plaintiff's major

---

[2] The Court employs the same standard for determining whether a plaintiff has a disability under the ADA and the PHRA. See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999); Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

life activity of working, this would be a fatal deficiency. See Tice, 247 F.3d at 512 ("A plaintiff attempting to establish disability on the basis of 'substantial limitation' in the major life activity of 'working' must, at minimum, allege that he or she is 'unable to work in a broad class of jobs.'") (quoting Sutton v. United Air Lines, Inc., 527 U.S. 471, 492 (1999)).  However, Defendant's argument is premised on a reading of the complaint that is far too narrow.  It fails to address the most obvious "major life activity" that is limited by Plaintiff's alleged conditions, namely "breathing."  Plaintiff clearly contends that her asthma and her migraines are aggravated by smoke in the workplace, and that as a consequence she cannot breathe.  In addition, Plaintiff specifically alleges such a limitation in ¶ 39(c) of her complaint.[3]  Having failed to address this argument, the Court cannot dismiss the ADA and PHRA claims at this juncture.  See Davis v. SEPTA, No. Civ.02-2665, 2003 WL 21250568 (E.D. Pa. Apr. 18, 2003 ) (Pollak, J.) (denying motion to dismiss where defendant only attacked sufficiency of pleadings with regard to major life activity of working, but did not address allegation that plaintiff's eye condition substantially limited the major life activity of "seeing").[4]  Therefore, Defendant's motion is denied as to Counts One and Two.

As to Plaintiff's Wrongful Discharge claim, the Court will grant Defendant's Motion. Defendant argues, and this Court agrees, that SEPTA is entitled to sovereign immunity from such a claim.  "It is well established that SEPTA is an agency of the Commonwealth [of Pennsylvania] and as such is afforded all of the sovereign immunity protections enumerated in sections 8521 through 8526."  Frazier v. SEPTA, 868 F. Supp. 757, 761 (E.D. Pa. 1994) (citations omitted).

---

[3] Plaintiff alleges in ¶ 39(c) that she is substantially limited in the major life activities of "walking, running, standing, lifting, bending, climbing, working, sleeping, typing, turning, twisting, and breathing."  Defendant's Motion only addresses "working."

[4] Because Defendant's Motion fails on the first prong of the definition of "disability," the Court need not address the other two.  See 42 U.S.C.A. § 12102(2)(B)-(C).

Agents of the Commonwealth are immune from suit except where the legislature specifically waives such immunity. See id.; 1 Pa. Cons. Stat. Ann. § 2310. There are exceptions to the general rule of immunity, but the exceptions are subject to two conditions, and the alleged harm must arise from one of nine enumerated acts. Frazier, 868 F. Supp. at 761-62.

One of the two conditions is that the damages arise out of a "negligent act." See id. at 762; 42 Pa. Cons. Stat. Ann. § 8522(a). Here, Plaintiff claims she was fired because of her disabilities, an allegation of *intentional* wrongdoing. Therefore, Plaintiff's claim fails to meet one of the two preconditions to waiver. Additionally, Plaintiff's claim does not arise out of any of the nine enumerated acts. See id. § 8522(b)(1)-(9);[5] Frazier, 868 F. Supp. at 762. Therefore, Defendant's Motion is granted as to Count Three. Because it fails as a matter of law and cannot be cured by amendment, Count Three is dismissed with prejudice.

An appropriate Order follows.[6]

---

[5] Acts which may impose liability include (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. Cons. Stat. Ann. § 8522(b).

[6] Some of Plaintiff's statements in her Response suggest that she does not entirely comprehend the procedures and rules governing litigation in federal district court. The Court suggests that Plaintiff review the Federal Rules of Civil Procedure, which are available via the Internet at http://www.house.gov/judiciary/Civil2002.pdf, and the Eastern District of Pennsylvania Local Rules of Civil Procedure, which are also available via the Internet at http://www.paed.uscourts.gov/us03003.shtml.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOZY J. MERIT,**<br>    **Plaintiff**<br><br>         v.<br><br>**SOUTHEASTERN PENNSYLVANIA**<br>**TRANSIT AUTHORITY,**<br>    **Defendant** | :<br>:<br>:<br>:   **CIVIL ACTION**<br>:   NO.   02-8629<br>:<br>:<br>:<br>: |

## ORDER

**AND NOW**, this 6th day of August, 2003, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. # 4], and Plaintiff's Response thereto [Doc. # 6], it is hereby **ORDERED** that Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**. It is further **ORDERED** that:

1. Count Three of the Complaint ("Wrongful Discharge in Violation of Public Policy") is hereby **DISMISSED WITH PREJUDICE**;

2. Defendant's Motion is **DENIED** in all other respects;

3. Defendant shall file an Answer within twenty (20) days of the date of this Order.

It is so **ORDERED**.

                                        **BY THE COURT:**


                                        _____
                                        **CYNTHIA M. RUFE, J.**